IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GRISELDA MUNIZ,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE AND GRANTING MOTION TO WITHDRAW AS COUNSEL<br><br>Case No. 4:19-cr-00102-DN<br><br>District Judge David Nuffer |

Defendant filed a motion seeking compassionate release ("Motion").[1] The government opposes the Motion.[2] Neither Defendant nor her court-appointed counsel filed a reply to the government's opposition.[3] On July 16, 2021, the Assistant Federal Public Defender assigned to Defendant filed a Motion to Withdraw as Counsel.[4] Because Defendant fails to show extraordinary and compelling reasons to warrant a sentence reduction, and the applicable factors in 18 U.S.C. § 3553(a) do not support a sentence reduction, the Motion is DENIED. Additionally, the Assistant Federal Public Defender's Motion to Withdraw as Counsel will be GRANTED.

---

[1] Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Pro Se Prisoner), docket no. 123, filed May 5, 2021.

[2] United States' Opposition to Defendant's Emergency Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i), docket no. 124, filed May 18, 2021.

[3] Motion to Withdraw as Counsel, docket no. 127, filed July 16, 2021

[4] Docket no. 127, filed July 16, 2021.

## DISCUSSION

### The Motion is procedurally proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[5] However, to file such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[6] If one of these requirements is satisfied, "a court may reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction,' and that such reasons 'could not reasonably have been foreseen by the court at the time of sentencing.'"[7] In making this determination, the court must also consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.[8] A defendant has the burden of showing that extraordinary and compelling reasons warrant a sentence reduction.[9]

Defendant filed a request for compassionate release on February 2, 2021.[10] The request was denied by the Warden of FCI Dublin California on March 9, 2021.[11] The Motion was filed

---

[5] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F.Supp.3d 1185, 1187 (D. N.M. 2019)).

[6] 18 U.S.C. § 3582(c)(1)(A).

[7] *Williams*, 2020 WL 806026, at *1 (quoting 18 U.S.C. § 3582(c)(1)(A)(i); 28 C.F.R. § 571.60).

[8] 18 U.S.C. § 3582(c)(1).

[9] United States v. Billings, No. 19-CR-00099-REB, 2020 WL 4705285, at *2 (D. Colo. Aug. 13, 2020).

[10] Motion at 3.

[11] Motion at 3. Defendant attached a denial of a compassionate release request dated February 2, 2021, but it appears that that denial was regarding an earlier request for compassionate release.

on April 6, 2021.[12] Therefore, the Motion is procedurally proper, and its merits may be addressed.[13]

### Defendant fails to demonstrate extraordinary and compelling reasons to warrant compassionate release

The phrase "extraordinary and compelling reasons" is not defined in the statute. While the United States Sentencing Commission ("USSC") has issued a policy statement which defined the phrase "to include serious medical conditions and the age of the defendant,"[14] the Tenth Circuit recently held that "the [USSC] existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."[15] Because the Motion was filed by Defendant, the policy statement is inapplicable, and district court possess "the authority to exercise [their] independent discretion to define the term 'extraordinary and compelling reasons.'"[16] However, the policy statement's definition of the phrase provides a "persuasive, albeit not controlling, illustration of extraordinary and compelling reasons that warrant a reduction in sentence —e.g., the defendant's terminal illness, advanced age, debilitating medical condition, or the death or incapacitation of the sole caregiver for the defendant's minor children."[17]

Defendant requests compassionate release because she has asthma, and after a bout with COVID-19, is suffering from "severe pain in [her] chest alongside with an upper [r]espiratory

---

[12] Envelope, Attachment 1 to Motion, docket no. 123-1, filed May 5, 2021.

[13] 18 U.S.C. § 3582(c)(1)(A).

[14] *Williams*, 2020 WL 806026, at *1 (quoting *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 2422601, *2 (D. N.M. June 10, 2019)).

[15] United States v. McGee, 992 F.3d 1035, 1050 (10th Cir. 2021).

[16] United States v. Carr, 851 F. App'x 848, 853 (10th Cir. 2021) (unpublished).

[17] United States v. Blair, No. 17-CR-00079-CMA, 2021 WL 2375872, at *1 (D. Colo. June 10, 2021).

infection . . . ."[18] Defendant does not explain if this medical condition is being treated while she is incarcerated, the prognosis of her condition, and most importantly, whether this condition could be more effectively treated were she to be released. A review of Defendant's medical records reveal she is being treated for her condition while incarcerated and has demonstrated improvement.[19] Under these circumstances, Defendant has not shown her proposed justification for release is extraordinary or compelling.

To the extent Defendant is asking for compassionate release in light of the COVID-19 pandemic, she fails to demonstrate that the pandemic, combined with her preexisting medical conditions, constitutes extraordinary and compelling reasons to warrant release. Defendant does have asthma, which would place her in a high-risk level were she to contract COVID-19.[20] However, it is not enough that Defendant has asthma[21]; she must also demonstrate that "compared to [her] proposed placement in the community, [s]he faces a heightened or imminent risk of exposure to COVID-19" at FCI Dublin, sufficient to support a finding of extraordinary and compelling reasons to justify release.[22] While prisons often involve a higher risk of COVID-19 transmission, there is only one confirmed case of COVID-19 currently active at F.C.I. Dublin,[23] where Defendant is incarcerated.[24] Even with the increased risk of transmission of

---

[18] Motion at 8.

[19] Medical Records and Reduction in Sentence Records, docket no. 124-3, filed May 18, 2021, at 18.

[20] CDC, "People with Certain Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited September 24, 2021)

[21] The government states in its Opposition that the combination of Defendant's asthma and the pandemic demonstrates extraordinary and compelling reasons to warrant release. Opposition at 3. The government's concession, while persuasive, is insufficient to show extraordinary and compelling reasons in light of the low levels of COVID-19 present at F.C.I. Dublin and the current state of the pandemic.

[22] *See United States v. Williams*, No. CR 14-20030-03-KHV, 2020 WL 7488969, at *4 (D. Kan. Dec. 21, 2020), aff'd, 848 F. App'x 810 (10th Cir. 2021).

[23] https://www.bop.gov/coronavirus/ (last visited October 24, 2021).

[24] Motion at 6.

COVID-19 in prisons, a single case does not appear sufficient to show a significantly heightened risk of exposure.

Additionally, although it is unclear if Defendant has received one, the presence of vaccines against COVID-19 reduces Defendant's risk of life-threatening illness. Although not universally adopted yet, vaccines are widely available, safe, and incredibly effective at preventing death or serious illness from COVID-19. "[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."[25] Defendant also contracted COVID-19 in December 2020 and has since recovered.[26] Such a recovery weighs against a conclusion that a future infection from COVID-19 will lead to a life-threatening illness.

The combination of factors leads to the conclusion that Defendant has not shown her medical concerns rise to the level of extraordinary and compelling reasons to justify a sentence reduction.

Defendant additionally argues that she should be granted compassionate release because she has several minor children, including a two-year old with autism, and her parents struggle to care for them due to Defendant's mother's neck surgeries and Defendant's father's full-time job.[27] While not binding, the USSC has persuasively defined "extraordinary and compelling reasons" to include circumstances where the caregiver of the defendant's minor child is incapacitated.[28] Although neck surgeries and a full-time job no doubt make raising a child with special needs extremely difficult, these circumstances do not rise to the level of incapacitation.

---

[25] *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).

[26] Medical Records and Reduction in Sentence Records at 38, 104.

[27] Motion at 8.

[28] U.S.S.G. 1B1.13 at Commentary Application Notes 1(C).

Therefore, Defendant's family situation does not constitute compelling and extraordinary reasons to justify release.

Even if Defendant was able to demonstrate extraordinary and compelling circumstances, the relevant factors set forth in 18 U.S.C. § 3553(a) still do not support granting Defendant compassionate release. Defendant was caught transporting 40 pounds of methamphetamine in a vehicle which also contained a stolen handgun.[29] Defendant also has a history of abusing fentanyl pills and other substances, which continued to the time of her arrest.[30] Defendant was sentenced to 96 months of imprisonment and 60 months of supervised release.[31] At the time of this decision, she has served approximately 30 percent of her total term of imprisonment.[32]

The serious nature and circumstances of Defendant's offense, the appropriateness of the original prison sentence, and the need to protect the public from further crimes weigh against granting relief to Defendant. Therefore, Defendant has failed to demonstrate that her conditions and circumstances (considered individually or collectively) justify granting her compassionate release.

### Jurisdiction is lacking over Defendant's request for home confinement

To the extent Defendant requests home confinement,[33] the authority to designate the place of an inmate's incarceration rests with the BOP, not the sentencing court.[34] "The [BOP] is given this responsibility because the executive branch and not the judicial branch is responsible

---

[29] Presentence Investigation Report, Exhibit D to Opposition, docket no. 124-4, at 6.

[30] Id. at 11.

[31] Judgement, docket no. 84, filed July 27, 2020.

[32] Medical Records and Reduction in Sentence Records at 155.

[33] Motion at 8-9.

[34] 18 U.S.C. § 3621(b); *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010).

for administering sentences."[35] And "[n]otwithstanding any other provision of law, a designation of a place of incarceration [by the BOP] is not reviewable by any court."[36] Therefore, jurisdiction is lacking over Defendant's request for home confinement.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion[37] is DENIED.

IT IS FURTHER ORDER THAT the Assistant Federal Public Defender's Motion to Withdraw as Counsel[38] is GRANTED.

Signed November 04, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[35] *United States v. Voda*, 994 F.2d 149, 151-152 (5th Cir. 1993) (internal citations omitted).

[36] 18 U.S.C. § 3621(b).

[37] Docket no. 123, filed May 5, 2021.

[38] Docket no. 127, filed July 16, 2021.