THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GRISELDA MUNIZ,<br><br>Defendant. | REDACTED<br><br>**MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. No. 4:19-cr-00102-DN<br><br>District Judge David Nuffer |

Defendant filed a second Motion seeking compassionate release ("Motion").[1] The government filed a Response[2] that did not oppose Defendant's Motion, and the government stipulated to the Defendant's request to be released immediately.[3] Defendant has demonstrated extraordinary and compelling reasons to warrant a sentence reduction, and the applicable factors in 18 U.S.C. § 3553(a) support a compassionate release. Defendant's Motion for Compassionate Release is GRANTED.

**DISCUSSION**

**The Motion is procedurally proper**

18 U.S.C. § 3582(c) permits a court to reduce a defendant's term of imprisonment pursuant to a motion seeking such relief.[4] "The First Step Act . . . modified 18 U.S.C. § 3582(c)

---

[1] Ms. Muniz's Memorandum of Points and Authorities in Support of Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"), docket no. 133, filed June 26, 2024.

[2] Sealed Response and Stipulation Regarding Motion for Sentence Reduction ("Government Response"), docket no. 135, filed June 27, 2024.

[3] Government Response, at 1; Motion, at 39.

[4] *United States v. Williams*, No. 2:17-CR-00417-DAK, 2020 WL 806026, at *1 (D. Utah Feb. 18, 2020).

to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[5] However, to file such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[6] If the procedural requirements are satisfied, "a court may reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction,' and that such reasons 'could not reasonably have been foreseen by the court at the time of sentencing.'"[7] In making this determination, the court must also consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.[8] A defendant has the burden of showing that extraordinary and compelling reasons warrant a sentence reduction.[9]

Defendant filed a request for compassionate release with the BOP in August 2023 and then later in September 2023 after Defendant was transferred to a different facility.[10] Defendant's legal team never heard back from the BOP on the status of these requests. Defendant's Motion is procedurally proper because more than 30 days elapsed since Defendant made her requests.

### Defendant demonstrated extraordinary and compelling reasons to warrant compassionate release

Under the plain language of 18 U.S.C. § 3582(c)(1)(A)(i), a motion for compassionate release may be granted only if three requirements are met: (1) extraordinary and compelling

---

[5] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F.Supp.3d 1185, 1187 (D. N.M. 2019).

[6] 18 U.S.C. § 3582(c)(1)(A)).

[7] *Williams*, 2020 WL 806026, at *1 (quoting 18 U.S.C. § 3582(c)(1)(A)(i); 28 C.F.R. § 571.60).

[8] 18 U.S.C. § 3582(c)(1).

[9] *United States v. Billings*, No. 19-CR-00099-REB, 2020 WL 4705285, at *2 (D. Colo. Aug. 13, 2020).

[10] Motion, at 16-17 (citing Counsel Email, Exhibit P, docket no. 133-16, filed June 26, 2024).

reasons warrant relief; (2) relief is consistent with applicable policy statements issued by the United States Sentencing Commission ("USSC"); and (3) the district court considers the factors set for in 18 U.S.C. § 3553(a), to the extent that they are applicable.[11]

District courts "possess the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,'" to warrant compassionate release.[12] However, this discretion is "bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the [USSC]."[13] Defendant argues that ████████████ ███████████████████ her medical condition, and her family situation constitute extraordinary and compelling circumstances that warrant her compassionate release.

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████ As to medical circumstances, the USSC's applicable policy statement defines "extraordinary and compelling reasons" to include: "The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and

---

[11] *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).

[12] *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).

[13] *Id.*

[14] ████████████████████████████

[15] ████████████████

without which the defendant is at risk of serious deterioration in health or death."[16] As to family circumstances, the USSC's applicable policy statement defines "extraordinary and compelling reasons" to include the "incapacitation of the caregiver of the defendant's minor child."[17]

First, 

Second, Defendant argues that her Motion is supported by her medical circumstances, and the BOP's ineffectiveness in providing her proper care. Defendant alleges that she has a blood clot disorder, and the BOP has demonstrated that it cannot provide her the care she needs.[23] Specifically, Defendant alleges that the BOP did not provide her prescribed blood

---

[16] U.S.S.G. 1B1.13(b)(1)(C).

[17] U.S.S.G. 1B1.13(b)(4).

[18] Motion, at 9, 27.

[19] Motion, at 8.

[20] Motion, at 9.

[21] Motion, at 9.

[22] Motion, at 27.

[23] Motion, at 6-7, 27-28, 35-36.

thinners for the first three years of her incarceration, which caused her to lose vison in her left eye and feeling in the left side of her body.[24] Defendant further alleges that she reported these symptoms to the FCI Dublin health staff and her complaints were met with indifference.[25] Eventually, the BOP did take Defendant to outside doctors and she was placed on blood thinners for her condition.

Third, Defendant argues that her Motion is supported by her family circumstances.[26] Defendant's mother recently suffered a stroke that left her partially paralyzed, and her mother can only walk with the help of a walker and physical therapy.[27] Because of this stroke, Defendant's mother has immense difficulty parenting Defendant's three children, including a five-year-old and a twelve-year-old, that reside with Defendant's mother and father.[28] While Defendant's father is a member of the same household, he works to support the family.[29] The totality of circumstances alleged in Defendant's Motion and the government waiver of any argument to the contrary establish extraordinary and compelling reasons that warrant release.

**The relevant factors of 18 U.S.C. § 3553(a) do not preclude compassionate release**

The relevant factors of 18 U.S.C. § 3553(a) do not preclude granting Defendant compassionate release.[30] Defendant plead guilty to one count for possession of

---

[24] Motion, at 6-7, 36.

[25] Motion, at 7.

[26] Motion, at 28.

[27] Motion, at 24-25, 28.

[28] Presentence Investigation Report, at 9; Motion at 4, 24.

[29] Motion, at 25.

[30] The 18 U.S.C. § 3553(a) factors considered in this context include: "(1) the nature and circumstances of the offense and the history and characteristics; (2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established

methamphetamine with intent to distribute after 40 pounds of methamphetamine was found in her motor vehicle.[31] The government also charged her with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, but this charge was later dropped.[32] The Defendant's offense has a mandatory minimum of ten years imprisonment and five years of supervised release.[33] The Defendant's Presentence Investigation Report stated she had criminal history score of one and a criminal history category of one.[34]

As part of her plea agreement, Defendant was sentenced to 96 months of incarceration and 60 months of supervised release. Defendant has faced two disciplinary actions while in custody and has received a few minor tickets.[35] Defendant has been in custody for more than 56 months of her 96-month sentence.[36]

In considering and balancing the relevant factors of 18 U.S.C. § 3553(a), the seriousness of the offense and the appropriateness of Defendant's original sentence are tempered by ████ ████████████████████████████ her medical condition, family situation, and Defendant's limited criminal history prior to her arrest for possession with intent to distribute. Additionally, upon release prison, Defendant will remain on supervised release for 60 months. Supervised release will provide means to ensure Defendant is sincere in her assertions about moving away from negative behaviors and will give options to address Defendant's actions

---

for – the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a).

[31] Presentence Investigation Report, at 4.

[32] Presentence Investigation Report, at 4; Judgment, at 1.

[33] Presentence Investigation Report, at 1.

[34] Presentence Investigation Report, at 7.

[35] Motion, at 15.

[36] Judgment, docket no. 84, at 2-3, filed July 27, 2024; First Motion for Writ of Habeas Corpus ad prosequendum, docket no. 4, filed October 31, 2019; Minute Entry, docket no. 17, filed November 4, 2019 (stating that the Defendant elects to remain in the custody of the United States Marshals).

(including further incarceration) if necessary. Therefore, the relevant factors of 18 U.S.C. § 3553(a) do not preclude granting Defendant compassionate release.

### Defendant's release plan is suitable for reentry and supervision

Defendant's proposed release plan is to live at her parents' home in Aurora, Colorado with her three children.[37] Additionally, Plaintiff has identified several potential employers in the area, and she is committed to continuing her vocational education and drug treatment.[38] The Probation Office conducted a relocation investigation of Defendant's home in Aurora, Colorado, and the Probation Office approved the location and Defendant's release plan.[39] Defendant's release plan is appropriate.

### Defendant is entitled to compassionate release

Defendant's experience of ▮▮▮▮▮, family circumstances and medical circumstances constitute extraordinary and compelling reasons to warrant compassionate release. This relief is consistent with the USSC's applicable policy statement. The relevant factors of 18 U.S.C. § 3553(a) also do not preclude granting Defendant compassionate release. And Defendant's release plan is appropriate and suitable for reentry and supervision purposes. Therefore, Defendant is entitled to compassionate release.

### ORDER

IT IS HEREBY ORDERED that Defendant's Motion is GRANTED. Defendant's term of incarceration is reduced to time served effective July 19, 2024 (the time from entry of this Order to its effective date is to allow the BOP time to purchase and arrange for Defendant's

---

[37] Motion, at 15; Exhibit T, at 2, docket no. 133-20, filed June 26, 2024; Probation Office's Relocation Approval, Exhibit S, docket no. 133-19, at 1, filed June 26, 2024.

[38] Motion, at 15-16.

[39] Probation Office's Relocation Approval, at 1.

transportation to Colorado). Defendant's 60-month term of supervised release shall begin July 19, 2024.

Signed July 19, 2024.

BY THE COURT

David Nuffer
United States District Judge